IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BONNY BERGMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 08-C-3386 |
| | ) | |
| FEDEX CORPORATE SERVICES, INC. | ) | Judge Kennelly |
| DEBBIE SCHMIDT, and | ) | |
| KIM KYKER | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

## ANSWER

COME NOW, Defendant FedEx Corporate Services, Inc. (hereinafter "FedEx"), Debbie Schmidt and Kim Kyker (sometimes collectively referred to herein as "Defendants"), by and through counsel, and submit their Answer to Plaintiff's Complaint.

### I.   NATURE OF THE ACTION

1.   FedEx admits that plaintiff remains an employee of FedEx as stated in Paragraph 1 of the Complaint. Except as expressly admitted herein, the allegations set forth in Paragraph 1 of the Complaint, including specifically any inference that the Defendants have violated any of the listed statutes, are denied.

### II.   JURISDICTION AND VENUE

2.   The Defendants admit that the plaintiff seeks to invoke this Court's jurisdiction under the statutes cited in Paragraph 2 of the Complaint. Except as expressly admitted

herein, the allegations set forth in Paragraph 2 of the Complaint, including specifically any inference that the Defendants have violated any of the listed statutes, are denied.

3. The Defendants admit that the venue is appropriate, if at all, with this Court. Except as expressly admitted herein the allegations set forth in Paragraph 3 of the Complaint, including specifically any inference that the Defendants have violated any legal duty to the plaintiff, statutory or otherwise are denied.

### III.   PARTIES

4. The Defendants admit plaintiff's residency upon information and belief and further admit that plaintiff was employed by FedEx in this district. The remaining allegations set forth in Paragraph 4 of the Complaint are conclusions of law that the Defendants are not required to admit or deny. Except as expressly admitted herein, the allegations set forth in Paragraph 4 of the Complaint, including specifically any inference that the Defendants have violated the statue listed therein, are denied.

5. The Defendants admit that FedEx is a Delaware corporation with its principal place of business in Memphis, Tennessee and that it does business in Buffalo Grove, Illinois and elsewhere.  The remaining allegations set forth in Paragraph 5 of the Complaint are conclusions of law that the Defendants are not required to admit or deny. Except as expressly admitted herein, the allegations set forth in Paragraph 5 of the Complaint, including specifically any inference that the Defendants have violated the statue listed therein, are denied.

6. The Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7. The Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

## IV.    FACTS

8.    The Defendants deny the allegations set forth in Paragraph 8 of the Complaint. Plaintiff's current position is Manager Administrative Assistant.

9.    The Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10.    The Defendants are without sufficient information to permit them to admit or deny the allegations set forth in Paragraph 10 of the Complaint.

11.    The Defendants are without sufficient information to permit them to admit or deny the allegations set forth in Paragraph 11 of the Complaint.

12.    The Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.    The Defendants admit that Ms. Schmidt became aware of plaintiff's diagnosis of epilepsy sometime after becoming plaintiff's manager. Except as expressly admitted herein, the allegations set forth in Paragraph 13 of the Complaint are denied.

14.    The Defendants admit that Ms. Kyker became Director of the unit where plaintiff was assigned on or about September 1, 2007. Except as expressly admitted herein, the allegations contained in Paragraph 14 of the Complaint are denied.

15.    The Defendants admit that Ms. Kyker became aware of plaintiff's diagnosis of epilepsy sometime after becoming the Director of the unit where plaintiff was assigned. Except as expressly admitted herein, the allegations set forth in Paragraph 15 of the Complaint are denied.

16.    The Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.    The Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.     The Defendants admit that Kym Kyker met with Plaintiff on November 19, 2007. Except as expressly admitted herein, the allegations set forth in Paragraph 18 of the Complaint are denied.

19.     The Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 19 of the Complaint.

20.     The Defendants admit that Kym Kyker presented Plaintiff with an Inter-Office Memorandum on November 19, 2007, with a subject of Administrative responsibility. As further answer, the Defendants respond that the memo is a written document that speaks for itself as to its form, content and legal effect. Except as expressly admitted herein, the allegations set forth in Paragraph 20 of the Complaint are denied.

21.     The Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     The Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     The Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     The Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     The Defendants admit that Kym Kyker presented Plaintiff with an Inter-Office Memorandum on November 19, 2007, that speaks for itself as to its form, content and legal effect. Except as expressly admitted herein, the allegations set forth in Paragraph 25 of the Complaint are denied.

26.     The Defendants admit the allegations contained in Paragraph 32 of the Complaint.

27.     The Defendants admit the allegations contained in Paragraph 27of the Complaint.

28.     The Defendants deny the allegations contained in Paragraph 28of the Complaint.

29.     The Defendants admit the allegations contained in Paragraph 29of the Complaint.

30.     The Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     The Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. The Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33. The Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. The Defendants admit that Ms. Schmidt requires plaintiff to stay in contact with her during the day. Except as expressly admitted herein the allegations set forth in Paragraph 34 of the Complaint are denied.

35. The Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. The Defendants admit that the job requirements were updated for "Administrative Assistants," to include some additional or revised duties. Except as expressly admitted herein the allegations set forth in Paragraph 37 of the Complaint are denied

38. The Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. The Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. The Defendants admit that Kym Kyker presented Plaintiff with an Inter-Office Memorandum on February 1, 2008, that speaks for itself as to its form, content and legal effect. Except as expressly admitted herein, the allegations set forth in Paragraph 40 of the Complaint are denied.

41. The Defendants admit that Kym Kyker presented Plaintiff with an Inter-Office Memorandum on February 1, 2008, that speaks for itself as to its form, content and legal effect. Except as expressly admitted herein, the allegations set forth in Paragraph 41 of the Complaint are denied.

42. The Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. The Defendants admit that Plaintiff submitted an email to Debbie Schmidt on February 04, 2008, requesting to leave at 12:00pm, and to use a half day of vacation because

her doctor wanted her to come in and discuss several items. Except as expressly admitted herein, the allegations set forth in Paragraph 43 of the Complaint are denied.

44. The Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. The Defendants are without sufficient information to permit it to admit or deny the allegations set forth in Paragraph 45 of the Complaint.

46. The Defendants admit that Plaintiff was on FMLA from February 05, 2008 through March 31, 2008. Except as expressly admitted herein, the allegations set forth in Paragraph 46 of the Complaint are denied

47. The Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48. The Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. The Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 of the Complaint.

51. The Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. The Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. The Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. The Defendants admit that Plaintiff is the only Manager Administrative Assistant that works under the supervision of Debbie Schmidt. Except as expressly admitted herein, the allegations set forth in Paragraph 54 of the Complaint are denied

55. The Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. The Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. The Defendants admit that Plaintiff is the only Manager Administrative Assistant that works under the supervision of Debbie Schmidt. Except as expressly admitted herein, the allegations set forth in Paragraph 57 of the Complaint are denied

58. The Defendants admit that Plaintiff was instructed by Debbie Schmidt not to email in Director Kym Kyker or any directors. Except as expressly admitted herein, the allegations set forth in Paragraph 58 of the Complaint are denied

59. The Defendants admit that Plaintiff is the only Manager Administrative Assistant that works under the supervision of Debbie Schmidt. Except as expressly admitted herein, the allegations set forth in Paragraph 59 of the Complaint are denied

60. The Defendants admit the allegations contained in Paragraph 60 of the Complaint.

61. The Defendants admit that Plaintiff is the only Manager Administrative Assistant that works under the supervision of Debbie Schmidt. Except as expressly admitted herein, the allegations set forth in Paragraph 61 of the Complaint are denied

62. The Defendants admit that Debbie Schmidt explained to plaintiff during a department conference call that each Account Executive will be responsible for making notations of information that is pertinent to them and minutes would no longer be kept. Except as expressly admitted herein, the allegations set forth in Paragraph 62 of the Complaint are denied.

63. The Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64. The Defendants deny the allegations contained in Paragraph 64 of the Complaint.

### COUNT I – <u>INTERFERENCE IN VIOLATION OF THE FMLA</u>

65. The Defendants hereby restate and incorporate by reference the answers and responses contained in Paragraphs 1 through 64 of the Complaint as if fully and completely restated herein.

66. The Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. The Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. The Defendants deny the allegations contained in Paragraph 68 of the Complaint.

### COUNT II.   RETALIATION IN VIOLATION OF THE FMLA

69. The Defendants hereby restate and incorporate by reference the answers and responses contained in Paragraphs 1 through 68 of the Complaint as if fully and completely restated herein.

70. The Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. The Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. The Defendants deny the allegations contained in the unnumbered Paragraphs, and its subparagraphs (a-g) thereto, and deny that Plaintiff is in entitled to any damages whatsoever.

73. Any allegation in the Complaint that heretofore has not been admitted, explained or denied is hereby denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted against some or all Defendants.

2. Defendants aver that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by FedEx, or to avoid harm otherwise. Specifically, Plaintiff failed to utilize the Company's internal complaint procedures to report the alleged discrimination or other unlawful conduct.

3. Defendants' actions with respect to Plaintiff were based upon valid business reasons not related to her alleged exercise of any rights under the FMLA, or any other unlawful basis.

4. Defendants acted in good faith with regard to Plaintiff and had reasonable grounds for believing any actions taken were not in violation of any law.

5. In the alternative, no officer, director or managerial agent of FedEx authorized or ratified the alleged acts of misconduct.

6. Plaintiff did not timely give notice to Defendants that leave was requested under the FMLA, or provide sufficient information to place Defendants on notice that her absences were potentially covered under the FMLA.

7. Plaintiff initially did not provide sufficient certification of the serious health condition of Plaintiff by the appropriate health care provider.

8. Plaintiff's claims are barred, in whole or part, by Plaintiff's failure to utilize internal procedures to properly request leave.

9. Some or all of Plaintiff's damages may be barred by the doctrine of after acquired evidence.

10. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or investigation.

11. Defendants intend to rely upon all properly proven defenses and reserve the right to amend the Answer up to and through the time of trial.

WHEREFORE, having fully answered, the Defendants respectfully request that this Court dismiss Plaintiff's Complaint, with prejudice, and award them costs, including attorneys, fees and such other relief that the Court deems just and proper.

Dated:  August 18, 2008                              Respectfully submitted,

**FEDEX CORPORATE SERVICES, INC.
DEBBIE SCHMIDT AND KIM KYKER**

By: s/Jay L. Grytdahl
Jay L. Grytdahl
ILARDC #6271036
Senior Counsel
Federal Express Corporation
Legal Department—Litigation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN  38125-8800
Telephone:  (901) 434-8590
Fax:  (901) 434-9278
Email: jlgrytdahl@fedex.com

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 18, 2008, a true and correct copy of the above and foregoing pleading was served by (X) the Court's Electronic Case Filing ("ECF") system, ( ) U.S. Mail, first-class postage prepaid, ( ) facsimile, ( ) FedEx delivery, and/or ( ) hand delivery on:

Laurie J Wasserman
Law Offices of Laurie J. Wasserman
9933 North Lawler Avenue
Suite 122
Skokie, Il 60077
(847) 674-7324
Email: ljw@webemploymentlaw.com

s/ Jay L. Grytdahl
Jay L. Grytdahl